IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ALVIN D. THOMPSON, #123927**                                                             **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 3:13-cv-539-DPJ-FKB**

**LAWRENCE MACK, ET AL.**                                                    **DEFENDANTS**

<u>**ORDER OF DISMISSAL**</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Thompson, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. The Defendants are: Lawrence Mack, Warden of Walnut Grove Correctional Facility (WGCF); D. Wilson, disciplinary hearing officer at WGCF; T. Mann, disciplinary investigator at WGCF; Marilyn Germany, corrections officer at WGCF; and Management & Training Corporation, private company that operates WGCF. After reviewing the Complaint, Amended Complaint[1] and Response, in conjunction with the relevant legal authority, the Court has come to the following conclusions.

**I.**      **Background**

On August 8, 2013, Plaintiff was found guilty of a prison rule violation report for possession of major contraband (a cell phone). As punishment for this disciplinary conviction, he lost 180 days of earned time.[2] Plaintiff's appeal of the RVR and resulting punishment was

---

[1]The Order entered November 5, 2013, granted Plaintiff's Motion to Amend and considered the pleading to be his Amended Complaint. *See* Order, ECF No. 9; Mot. to Am., ECF No. 7.

[2]"[A]n inmate may receive an earned time allowance . . . for each thirty days served if the department [MDOC] determines that the inmate has complied with the good conduct and performance requirements of the earned time allowance program." Miss. Code Ann § 47-5-138(5).

denied via the prison administrative remedy program.  *See* Compl. [1] at 19 (ARP Response Form).

Plaintiff asserts various complaints regarding the RVR and disciplinary process, which he claims violate MDOC policy and his constitutional rights.  Specifically, Plaintiff argues that the RVR is invalid because it is written in cursive as opposed to being legibly printed or handwritten as policy dictates.  He also claims that he was not interviewed prior to his disciplinary hearing, therefore the RVR was not properly investigated.  Plaintiff claims that he pointed out these errors at his disciplinary hearing, but he was still found guilty, which demonstrates that the disciplinary hearing officer "lacked impartiality in her findings." Compl. [1] at 3.  Plaintiff further complains that despite these errors, Warden Mack failed to overturn the guilty finding when he denied Plaintiff's appeal of the disciplinary action.  As relief, Plaintiff is requesting monetary damages, expungement of the disciplinary proceedings from his prison record and restoration of his lost earned time.

**II.     Analysis**

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or  "is frivolous or malicious."  *See* 28 U.S.C. § 1915 (e)(2)(B).  The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).  Since the Court has permitted Plaintiff Thompson to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

### A. Habeas Corpus Claims

Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983. *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Cook*, 37 F.3d at 166 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)).

The restoration of 180 days of earned time or sentence credits to an inmate would result in the inmate receiving an accelerated release from incarceration. Therefore, Plaintiff must pursue his request for the restoration of his earned time through a petition for habeas corpus relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that habeas corpus is the exclusive remedy for a claim for restoration of good-time credits); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (finding inmate "cannot . . . recover good-time credits lost in a prison disciplinary proceeding" in a § 1983 civil action). Plaintiff's habeas corpus claims for the restoration of 180 days of earned time will be dismissed from this § 1983 case, without prejudice.

### B. Section 1983 Claims

A civil rights action under § 1983 is the appropriate or available remedy for a prisoner's damages claim. In order to recover damages for unconstitutional imprisonment that would necessarily imply the invalidity of an inmate's sentence, he must demonstrate that the conviction or sentence has previously been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

3

The *Heck* doctrine applies to § 1983 claims by state prisoners challenging the validity of disciplinary actions and the loss of good-time credits. *See Edwards v. Balisok*, 520 U.S. at 648. In *Wilkinson v. Dotson*, the Supreme Court reviewed the cases leading up to and following *Heck* and It clarified that

> a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. 74, 78–82 (2005).

Plaintiff maintains that his disciplinary process was invalid, and he seeks the expungement of his disciplinary conviction along with monetary damages. If the Court were to find in Plaintiff's favor and determine that his prison disciplinary conviction was invalid and should be expunged, meaning his loss of 180 days of earned time was invalid, such a finding "would necessarily demonstrate the invalidity of [Plaintiff's] confinement or its duration." *Id*. at 82. Therefore, Plaintiff may only proceed with these claims under § 1983, if he proves that his conviction or sentence has been invalidated. Specifically, "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Plaintiff confirmed that his disciplinary action has not been overturned or invalidated by any of the means set forth in *Heck*. *See* Order [5]; Resp. [8]. As such, the Court finds that Plaintiff's § 1983 claims for money damages and expungement of his disciplinary conviction are not cognizable at this time. *See e.g., Evans v. Baker*, 442 F. App'x 108, 110 (5th Cir. 2011)

(finding dismissal under *Heck* and *Balisok* of inmate's § 1983 complaint seeking expungement of adverse disciplinary proceedings to be proper even after inmate withdrew his claim to have good-time credits restored).

In addition, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding inmate does not have protected liberty interest in filing grievances). Thus, Plaintiff's claims related to how his grievance was handled by Defendant Mack are frivolous. *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).

As a final point, the Court finds that Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson*, 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

**III.     Conclusion**

As discussed above, Plaintiff's habeas corpus claims will be dismissed from this § 1983 case without prejudice.[3]  Plaintiff's § 1983 claims are dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).  The dismissal of Plaintiff's § 1983 claims are with prejudice until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (finding claims are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

Since Plaintiff's § 1983 claims are dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, this dismissal will be counted as a "strike."[4]  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order of Dismissal will be entered.

**SO ORDERED AND ADJUDGED** this the 8th day of November, 2013.

            s/ *Daniel P. Jordan III*
            UNITED STATES DISTRICT JUDGE

---

[3] The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

[4] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."